IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES DAVID HENDERSON, | | No. CIV S-10-0258-CMK-P |
| | Plaintiff, | |
| | vs. | ORDER |
| UNKNOWN, | | |
| | Defendant. | |
| _____ / | | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) plaintiff's motion requesting a prison transfer (Doc. 6); and (2) plaintiff's motions for appointment of counsel (Docs. 18 and 20). Also before the court is plaintiff's initial pleading (Doc. 1).

      Turning to plaintiff's motion for a prison transfer, at the time the motion was filed plaintiff was housed at High Desert State Prison. In the motion plaintiff complains of various problems at this prison and asks the court to order his transfer. A review of the docket, however, reflects that plaintiff has since filed a notice of change of address to Corcoran State Prison. Plaintiff's request for a prison transfer is, therefore, moot and will be denied as such.

/ / /

1

1          Turning next to plaintiff's motions for the appointment of counsel, the United
2  States Supreme Court has ruled that district courts lack authority to require counsel to represent
3  indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298
4  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of
5  counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.
6  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the
7  court does not at this time find the required exceptional circumstances.
8          Finally, turning to plaintiff's initial pleading, the court notes that it does not
9  appear to be a true complaint.  Specifically, it does not clearly set forth plaintiff's claims or
10 request for relief.  Further, no defendants are named.  Plaintiff will be required to file a complaint
11 on the form provided which names all defendants and sets forth his claims as against each named
12 defendant.  In particular, plaintiff must demonstrate how the conditions complained of have
13 resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227
14 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
15 involved, and must set forth some affirmative link or connection between each defendant's
16 actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
17 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff is cautioned that failure to file a
18 complaint within the time provided by this order may result in dismissal of the action.  See Local
19 Rule 110.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

Accordingly, IT IS HEREBY ORDERED that:

    1. Plaintiff's motion requesting a prison transfer (Doc. 6) is denied as moot;

    2. Plaintiff's motions for appointment of counsel (Docs. 18 and 20) are denied;

    3. Plaintiff shall file an amended complaint within 30 days of the date of this order; and

    4. The Clerk of the Court is directed to serve plaintiff with the court's form 42 U.S.C. § 1983 complaint by prisoners along with a copy of this order.

DATED: February 10, 2011

                                                                     **CRAIG M. KELLISON**
                                                                      UNITED STATES MAGISTRATE JUDGE